**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE MARBURY ELO'HIM ALI BEY, | ) ) ) | CASE NO. 1:14 CV 1563 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| STEVEN TOMASZEWSKI, et al., | ) ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Maurice Marbury Elo'him Ali Bey filed this action against Shaker Heights Municipal Court Judge K.J. Montgomery and Shaker Heights Municipal Court Clerk of Court Steven Tomaszewski. In the Complaint, Plaintiff appears to contest his conviction in the Shaker Heights Municipal Court on charges of avoiding a traffic control device and driving under suspension. He does not specify the relief he seeks.

Plaintiff filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

**I.    Background**

Plaintiff's Complaint is composed entirely of meaningless legal rhetoric. His pleading consists of a collection of documents, many of which appear to have been created by the Plaintiff. Among these documents is one which he titles as an "Affidavit of Truth" in which he

indicated "Case No. 14 TRD01816/Case/Case Summary, Ticket # 80044 has been conditionally accepted for value at House Joint Resolution 192 of June 5th 1933 Uniform Commercial Code 3-419, UCC 1-308, UCC 3-402(b) and UCC 1-103." (Doc. No. 1 at 2). He demanded that the Defendants rebut the affidavit point for point to his complete satisfaction within ten days. He stated that if the Defendants did not comply with his demands, his traffic convictions would be deemed dismissed with prejudice, and the Defendants would be assessed ten million dollars. The remainder of the documents are similarly nonsensical for legal purposes. There are no factual allegations in the documents Plaintiff groups together as a pleading, and there are no legal causes of action asserted.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.    Analysis

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure up unpled allegations. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. Plaintiff does not include any factual allegations, does not assert a discernable claim based on recognized legal authority, and fails to state a cause of action within the jurisdiction of this Court. The Complaint does not satisfy the minimum pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

### IV.   Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: January 6, 2015            */s/ John R. Adams*
                                 JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.